## Rental Listing Agencies

PACKEL, Attorney General, January 25, 1973.—You have requested our opinion as to whether rental listing agencies, several of which have recently appeared in Pennsylvania, must be licensed as real estate brokers. Specifically, you have referred to one such organization, in Philadelphia known as "Homefinders."

It appears that these listing agencies assemble lists of apartments or houses for rent and make them available for a fee to those who wish to consult them. It appears that many of the listings are simply taken from other classified advertisements in the newspapers and are often unavailable for rent when the customer attempts to rent the apartment or house. The listing agencies apparently do not enter into any agreement with the owner or with the customer; they simply make available the list to the customer. They receive no commission when and if a lease is negotiated, nor do they in any way participate in the actual consummation of a lease agreement. They receive only the initial fee, usually in the amount of $20. The

agencies advertise extensively in the classified section of the newspapers.[1]

Section 2 of the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, 63 PS §432(a), contains the definition of a real estate broker.[2] Section 6 of the act, 63 PS §436, makes it unlawful for any person to act as a real estate broker or in the capacity of a real estate broker without first obtaining a license.

---

[1] Sample advertisements are found both in the usual "For Rent" sections or in sections headed "Apartment Services." They advertise listings of apartments and homes generally and specifically (although no actual addresses are listed), and are generally indistinguishable from advertisements by brokers and owners except for the statement of "Fee" or "$20.00 Fee." One such advertisement states: "Let the Largest Listing Co. in this Area Get Your Next Home or Apartment."

[2] This section provides in pertinent part: "The term 'real estate broker' shall include all persons, copartnerships, associations, and corporations, foreign and domestic, who, for another and for a fee, commission, or other valuable consideration, shall sell, exchange, purchase, or rent, or shall negotiate the sale, exchange, purchase or rental, or shall offer or attempt to negotiate the sale, exchange, purchase, or rental, or shall hold himself or themselves out as engaged in the business of selling, exchanging, purchasing or renting of any real estate, interest in real estate, the property of another, whether the same shall be located within the State of Pennsylvania, or elsewhere, or shall collect or offer or attempt to collect rental for the use of real estate, the property of another, or shall negotiate or offer or attempt to negotiate a loan, secured or to be secured by mortgage or other encumbrance upon or transfer of any such real estate . . . One act in consideration of compensation, by fee, commission or otherwise, of buying, selling, renting or exchanging any such real estate of or for another, or attempting or offering so to do, or negotiating a loan upon or leasing or renting or placing for rent any such real estate, or collection of rent therefrom, shall constitute prima facie evidence that the person, copartnership, association, or corporation, so acting or attempting to act, is a real estate broker within the meaning of this act."

Other States which have faced the same question as that presented have held that the rental listing agency type of operation (specifically, "Homefinders") is practicing real estate brokerage. For example, the Attorney General of Delaware on October 16, 1972, rendered an official opinion holding that "Homefinders" was operating illegally under Delaware law in that it was engaged in the business of a real estate broker or salesman without being registered and without a certificate of registration issued by the Delaware Real Estate Commission. The Delaware statute in question is similar to Pennsylvania's. Furthermore, as the opinion of the Attorney General of Delaware points out, an injunction was granted in Texas v. Homefinders of America, Inc., No. 72-2559 (District Court of El Paso, Texas). In that case, Homefinders was enjoined from holding out to the public that it was engaged in the business of providing rental real estate.

We are further advised that similar injunctions have been granted in Florida at the behest of the Florida Real Estate Commission. See Florida Real Estate Commission v. Sgro and Homefinders of Florida, Case 71-24171 (Circuit Court of Dade County); Florida Real Estate Commission v. Thompson t/a Homefinders, Case No. 72-922 (Circuit Court of Duval County); Florida Real Estate Commission v. Gorson and Garcia t/a Home Rental Service, Case No. 72-1473 (Circuit Court of Broward County).

We believe that Pennsylvania law is in accord. In the words of the Real Estate Brokers License Act, note 2, supra, we believe that these rental listing agencies do ". . . for another and for a fee, commission or other valuable consideration, . . . negotiate the . . . rental, or . . . offer or attempt to negotiate the . . . rental, or . . . hold . . . themselves out as engaged

in the business of . . . renting of any real estate, interest in real estate, the property of another . . ."

In Verona v. Schenley Farms Co., 312 Pa. 57, 167 Atl. 317 (1933), the court held that a person who had brought to the attention of a prospective buyer the attributes of another's real property which eventually resulted in the consummation of a sale was practicing real estate brokerage within the meaning of the act, and was therefore not entitled to collect the fee which had been promised him because he was unlicensed. The court held that his activities, limited though they were, constituted "negotiations" within the meaning of the act. The court stated, 312 Pa. 57, at page 61:

"The legislature was of course familiar with the great variety of real estate brokerage contracts made from time to time, and the definition of real estate broker must be understood in the light of the common knowledge on the subject; some idea of the varied scope of such contracts may be obtained by examining the cases cited in [citations omitted]."

The court further stated that the act was intended to prevent frauds upon the public and, therefore, even though it imposes penalties, it is not to be construed strictly, but fairly and liberally in order to carry out the intention of the legislature. Verona was followed in Alford v. Raschiatore, 163 Pa. Superior Ct. 635, 63 A. 2d 366 (1949), in which an individual who "knew people" found someone interested in the seller's land, brought the parties together, and a sale was consummated. Suit was brought for a commission promised and plaintiff contended that he had not been acting as a real estate broker since he did not pretend that he had "negotiated" anything but merely brought the parties to each other's attention. The court nevertheless denied recovery, holding, Alford v. Raschiatore, supra, at page 639:

"We cannot give the word 'negotiate,' in the sense intended by the Legislature, the strict constuction contended for by appellee. If we should so do, it would preclude from the regulatory purpose of the Act a great percentage of brokers and salesmen who normally do no more than acquaint prospective buyers and sellers with the location and price of available property, and who annually comply with the licensing feature of the Act in the belief that they are covered by it."[3]

Similarly, in this case, the listing of the properties and making such lists available for a fee has as its intention the bringing of parties together in an amicable frame of mind to enter into a lease. We further believe that where a person holds himself out as having rental listings much in the way that a real estate broker usually does, that it was the intention of the legislature to include such person within the definition and subject him to appropriate regulation. It is, therefore, our opinion, and you are so advised, that the activities carried on by the various rental listing agencies constitute the practice of real estate brokerage under the licensing act and require that they be appropriately licensed.[4]

---

[3] The court cited with favor Baird v. Krancer, 138 Misc. 360, 246 N. Y. Supp. 85 (1930), where the court said that the essential feature of broker's employment is to bring the parties together in an amicable frame of mind so that they may work out the terms of their agreement, but that it is of no importance that the broker participate in working out that agreement.

[4] This opinion is not intended to cover the case of institutions which maintain housing lists for prospective students or employes, or lists maintained by non-profit organizations for the benefit of members or interested parties to accomplish social goals, which do not involve the payments of fees. But in this case, where the work is being done "for a fee, commission, or other valuable consideration," it is clear that the practice of real estate brokerage is being carried on.

In accordance with this opinion, we are prepared to take and bring injunctive action against any of these rental listing agencies which are not licensed and which fail to become licensed which you bring to our attention.